**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JACK READNOUR                      1:15-cv-3
    Plaintiff,

                                              Barrett, J.
    vs.                                   Bowman, M.J.

TED BERRY, et al.,
    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, brings this action against Judge Ted Berry, Judge Nadine Allen, Phillip Stevens, Judge Mike Bachman, Judge Robert C. Winkler, Judge DeWine, J. Deters (presumably Hamilton County Prosecuting Attorney Joe Deters), Gus Leon, Alice Shipley, Angie Geiger, Alice Hippely, Lorie Lape, Medical Board of Ohio, Green Township Police Dept., Cincinnati Police Dept., Ohio Board of Prisons, and Hamilton County Sheriff's Dept. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or

1

repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal*

2

and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (citations omitted).

Here, in 2008, Plaintiff was convicted of, *inter alia*, practicing medicine without a license and served two years in prison.  Plaintiff's complaint names as defendants such judges, attorneys, police officers, and police departments purportedly involved in Plaintiff's arrest, subsequent conviction and time served in prison.  Plaintiff's complaint alleges, *inter alia*, that the "defendants in this case did unlawfully cooperate to obtain an indictment and conviction of Dr. Jack Readnour for a crime when there was no crime committed. . . .this is a violation of the RICO statues of the United States."  (Doc. 1 at 4).

Plaintiff further asserts claims pursuant to section 1983 for alleged Constitutional violations for loss of personal liberty. Plaintiff also appears to seek relief under 18 U.S.C. §§ 1503, 1510-1513, criminal statutes relating to obstruction of justice. Plaintiff seeks damages in the amount of $100,000,000.00. Plaintiff's complaint fails to state any plausible claim for relief.

First, with respect to plaintiff's claim for damages relief under § 1983, his allegations fail to state a viable claim because a ruling in his favor would necessarily cast doubt on the validity of his state conviction and sentence. *See Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Cummings v. City of Akron,* 418 F.3d 676, 682–83 (6th Cir.2005); *Schilling v. White,* 58 F.3d 1081, 1085–86 (6th Cir.1995).

In *Heck,* the Supreme Court ruled that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck,* 512 U.S. at 486–87. Under *Heck,* when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck,* 512 U.S. at 486–87; *see also Edwards v. Balisok,* 520 U.S. 641, 643, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). The same principle enunciated in *Heck* with respect to § 1983 claims also applies to conspiracy

4

claims brought under 28 U.S.C. § 1985. *See Lanier v. Bryant,* 332 F.3d 999, 1005–06 (6th Cir. 2003); *Mason v. Stacey,* No. 4:07cv43, 2009 WL 803107, at *7 (E.D.Tenn. Mar.25, 2009) (and cases cited therein).

It appears clear from the face of the complaint that plaintiff's Ohio practicing medicine without a license conviction and sentence still stand and have not been overturned or invalidated in accordance with *Heck.* Because a successful challenge against state agents in effectuating plaintiff's arrest, prosecution and criminal conviction in Ohio would necessarily imply the invalidity of plaintiff's guilty plea, underlying conviction and sentence, any claim by plaintiff for damages is barred by *Heck. See Graves v. Mahoning County,* 534 F. App'x 399, 405 (6th Cir.2013) ("In some cases, a Fourth Amendment violation invalidates a conviction where an unconstitutional search uncovered key evidence that must be suppressed."); *Jacob v. Township of West Bloomfield,* 531 F.3d 385, 388 (6th Cir.2008) ("any Fourth Amendment claims arising out of searches occurring prior to Plaintiff's guilty plea and incarceration were precluded by *Heck* ..., on the grounds that a civil suit holding that these searches were improper would undermine the basis of Petitioner's guilty plea and sentence"); *Gonzales v. City of Florida,* No. 3:13–cv–796, 2014 WL 99114, at *7 (N.D.Ohio Jan.9, 2014) ("in cases such as this, a finding of a Fourth Amendment violation would invalidate Gonzales's convictions because the search of the residence uncovered the evidence that was used to obtain the convictions").

Next, as noted above, Plaintiff asserts claims against Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* Notably, the complaint does not identify the provisions of RICO that the defendants

5

allegedly violated, but the court assumes that Plaintiff is proceeding under section 1964(c), RICO's provision authorizing civil suits for a violation of 18 U.S.C. § 1962. It provides, in pertinent part:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court....

18 U.S.C. § 1964(c).

To establish a violation of section 1962, a plaintiff must show: "(1) that there were two or more predicate offenses; (2) that an 'enterprise' existed; (3) that there was a nexus between the pattern of racketeering activity and the enterprise; and (4) that an injury to business or property occurred as a result of the above three factors." *VanDenBroeck v. CommonPoint Mortg. Co.,* 210 F.3d 696, 699 (6th Cir. 2001). An "enterprise" can be proven by showing (1) that a group of persons formed an ongoing organization; (2) that they functioned as a continuing unit; and (3) that the organization was separate from the pattern of racketeering activity in which it engaged. *Id.* RICO defines racketeering activity to include any act that is indictable under certain provisions of title 18 of the United States Code, including wire fraud, 18 U.S.C. § 1343, and mail fraud, 18 U.S.C. § 1341. Plaintiff's complaint contains no factual allegations that support the elements of a civil RICO cause of action.

Last, to the extent Plaintiff is attempting to assert criminal charges against defendants under 18 U.S.C. 1503, *et seq.*, Plaintiff's claims fail as a matter of law. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (private citizen lacks standing to initiate criminal proceedings); *see also Associated Builders & Contractors v. Perry,* 16 F.3d 688, 692-93 (6th Cir.1994) (private party lacks standing to compel the state to

6

pursue criminal or civil actions).

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JACK READNOUR                             1:15-cv-3
    Plaintiff,

                                       Barrett, J.
vs.                                      Bowman, M.J.

TED BERRY, et al.,

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).